**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Marisol BERBER–RAMIREZ,**
**Defendant–Appellant.**

No. 06–41763
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Aug. 16, 2007.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern Dis-

---

trict of Texas, Houston, TX, for Plaintiff–Appellee.

Charles August Banker, III, Law Offices of Charles A. Banker, III, McAllen, TX, for Defendant–Appellant.

Before REAVLEY, SMITH, and STEWART, Circuit Judges.

PER CURIAM: *

Marisol Berber–Ramirez appeals from her 24–month sentence resulting from her guilty-plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326.

Berber–Ramirez argues that the district court misapplied the Sentencing Guidelines by characterizing her state felony conviction for possession of a controlled substance as an "aggravated felony" for purposes of U.S.S.G. 2L1.2(b)(1).

We review Berber–Ramirez's challenge to the district court's application of the Sentencing Guidelines de novo. *See United States v. Villegas*, 404 F.3d 355, 359–61 (5th Cir.2005). As the Government concedes, Berber–Ramirez's argument has merit in light of the Supreme Court's decision in *Lopez v. Gonzales*, —— U.S. ——, 127 S.Ct. 625, 166 L.Ed.2d 462 (2006). *See United States v. Estrada–Mendoza*, 475 F.3d 258, 259–61 (5th Cir.), *cert. denied*, —— U.S. ——, 127 S.Ct. 1845, 167 L.Ed.2d 340 (2007). Accordingly, Berber–Ramirez's sentence is vacated, and the case is remanded for resentencing in light of *Lopez*.

---

SENTENCE VACATED; REMANDED FOR RESENTENCING.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.